09-4955-cr
USA v. Douglas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand ten.

Present:

ROGER J. MINER,
ROBERT A. KATZMANN,
PETER W. HALL,
   *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

   *Appellee*,

   v.           No. 09-4955-cr

THOMAS DOUGLAS IV,

   *Defendant-Appellant*.

_____

Counsel for Appellee:     Timothy C. Doherty, Jr., Assistant United States
              Attorney (Gregory L. Waples, Assistant United States
              Attorney, *on the brief*), *for* Tristram J. Coffin, United

States Attorney for the District of Vermont, Burlington, Vt.

Counsel for Defendant-Appellant:    ROBIN C. SMITH, Law Office of Robin C. Smith, Esq., P.C., Brooklyn, N.Y.

Appeal from the United States District Court for the District of Vermont (Sessions, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Thomas Douglas IV appeals from a judgment of conviction, entered on November 24, 2009 in the United States District Court for the District of Vermont (Sessions, *C.J.*), following a jury trial, of one count of attempting to entice a minor to engage in illegal sexual activity and one count of knowingly transporting an image of child pornography in interstate commerce. On appeal, Douglas raises a number of challenges to his conviction. First, he argues that his counsel below was ineffective because he failed to strike two jurors; second, he argues that the district court abused its discretion in admitting certain evidence of his past similar acts; and third, he argues that he did not take the "substantial step" necessary to commit attempted enticement.[1] We assume the parties' familiarity with the facts and procedural history of the case.

Douglas first argues that his counsel at trial was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to strike two jurors who expressed a reluctance to view images of child pornography. "When faced with a claim for ineffective assistance of

---

[1] In a companion *per curiam* opinion, we address and reject Douglas's contention that he cannot be convicted of criminal enticement pursuant to 18 U.S.C. § 2422(b) because his communications were directed at an adult, not at a minor.

counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). "As the Supreme Court [has] reminded us, 'in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the district court is 'best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.'" *United States v. Gaskin*, 364 F.3d 438, 467-68 (2d Cir. 2004) (quoting *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)). The same is true here. Accordingly, in these circumstances, we decline to hear Douglas's ineffective assistance of counsel claim.

Douglas next argues that the district court abused its discretion when it admitted the testimony of Brenda Forrester, his ex-girlfriend, regarding chat files that she found on his computer. He reasons that the evidence was not admissible under Federal Rule of Evidence 404(b). He argues also that the government provided inadequate notice of the evidence and that he would not have raised an entrapment defense if he had been fully advised of the content of Forrester's testimony. Both arguments fail.

"In reviewing whether a district court properly admitted evidence under Rule 404(b), we consider whether: '(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction.'" *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)).

3

All four prongs of the Rule 404(b) inquiry are satisfied here. As an initial matter, intent is a proper purpose. FED. R. EVID. 404(b). As Douglas's counsel indicated during closing argument, Douglas's intent was in dispute at trial. Forrester's testimony was relevant to Douglas's intent because it tended to show that Douglas's conversations with "Liz" were not mere talk but were directed at having sexual contact with a minor, as he had done in the past. *See* FED. R. EVID. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). As we stated in *Brand*, "[t]he government is required to establish only a 'similarity or some connection' to establish that a prior act is relevant to [intent]." 467 F.3d at 197 (quoting *Garcia*, 291 F.3d at 137). We are satisfied that the probative value of Forrester's testimony, which related Douglas's statement in an Internet chat that he had "molested" his niece and other children, substantially outweighed the danger of any unfair prejudice. Finally, the district court gave an appropriate limiting instruction. We therefore conclude that the evidence was properly admitted under Rule 404(b).

Moreover, Forrester's testimony was admissible also as propensity evidence in view of Douglas's entrapment defense. Although Douglas does not appear to dispute its admissibility, he rejoins that he did not have sufficient notice of the nature of Forrester's testimony and claims that he would not have asserted an entrapment defense if he had known the full extent of what she would say. His argument is without merit.

The government proffered that Forrester would testify that she had seen a chat transcript in which Douglas stated that he had molested his niece. At trial, she testified that in the transcript, "Mr. Douglas was talking to another person, another male, and they were talking

4

about—that he had molested his niece." Gov. App'x 357. When asked for further details, she responded, "[Douglas] had told this person that he had molested his niece from—he molested children from the ages of eight to 15." *Id.* at 358. She said nothing further about these other children. In these circumstances, we reject any contention that the government's proffer was inadequate or made in bad faith. Forrester testified that Douglas claimed to have molested his niece, as the government had indicated in its proffer. She mentioned other children only in connection with Douglas's statements in the chat transcript. In any event, even assuming that Douglas would have retracted his entrapment defense to prevent the admission of this testimony, it would have been admissible independently to show his intent under Rule 404(b).

Finally, "[i]n order to establish that a defendant is guilty of an attempt to commit a crime, the government must prove that the defendant had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *Brand*, 467 F.3d at 202 (internal quotation marks omitted). Douglas argues that the government failed to prove beyond a reasonable doubt that he took such a "substantial step." He asserts that the evidence reveals only that he talked and fantasized about "training" Liz's daughter, which is insufficient as a matter of law.

To challenge successfully the sufficiency of the evidence underlying his conviction, a defendant must carry a "heavy burden." *Brand*, 467 F.3d at 201 (internal quotation marks omitted).

> Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt, then the defendant's conviction must stand.

*United States v. Dae Whan Kim*, 435 F.3d 182, 184 (2d Cir. 2006) (per curiam) (alteration omitted) (quoting *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995)).

We have emphasized that "[a] conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." *Brand*, 467 F.3d at 202. The inquiry therefore is whether Douglas attempted to gain the consent or willingness of a minor to engage in criminal sexual activity, not whether he attempted to have sex with a minor. As we hold in the accompanying *per curiam* opinion, a defendant may do so by communicating with an adult guardian of a minor.

Here, Douglas proposed that Liz bring her daughter to Alabama so that he could "train" her. Thereafter, he told Liz that he expected to receive $500 on the sixteenth of May and said, "If you want to come, I'll help you then." Gov. App'x 276. Douglas repeatedly referred to the $500 and suggested that he could use the money to help Liz travel. He advised her, "If you have enough for gas here, come on. I can get you back if you want to go back." Gov. App'x 286. He calculated Liz's gas expenses, gave her some assistance in finding a job in his area, and promised to provide further assistance once she arrived. Further, Douglas gave Liz his phone number and assured her that she would have a place to live when she arrived. On the basis of these facts, we are persuaded that Douglas "engaged in conduct amounting to a 'substantial step' towards the commission of the crime" and that his conduct was "of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute." *Brand*, 467 F.3d at 202 (internal quotation marks omitted).

6

We have considered Douglas's remaining arguments and find them to be without merit. For the reasons stated herein and in the accompanying *per curiam* opinion, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK